

FILED
CLERK, U.S. DISTRICT COURT
12/11/2015
CENTRAL DISTRICT OF CALIFORNIA
BY: LW  DEPUTY

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION



I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California
by: L.C. Aantor
Deputy Clerk
Date: 12/09/2015

IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION                                             MDL NO. 2672

CV15-07474 DOC(SPx)

**TRANSFER ORDER**

Amy E. Weiss et al v. Volkswagen Group of America Inc

   **Before the Panel**:[*]  Three motions have been filed by plaintiffs who move under 28 U.S.C. § 1407 to establish centralized pretrial proceedings for this litigation in, respectively, the Central District of California, the Southern District of Texas and the Eastern District of Virginia.  Plaintiffs' motions include 63 actions pending in various districts, as listed on Schedule A.[1]  The Panel also has been notified of 451 potentially related actions filed in over 60 federal districts.[2]  These cases primarily concern certain 2.0 and 3.0 liter diesel engines sold by defendants Volkswagen Group of America, Volkswagen AG (collectively VW) and affiliated companies, which allegedly contain software that enables the vehicles to evade emissions requirements by engaging full emissions controls only when official emissions testing occurs.

   No party opposes centralization, but the parties have advocated for 28 transferee districts located across the nation.  VW responded in support of centralization in the Eastern District of Michigan or the Eastern District of Virginia, although at oral argument, VW announced that it no longer supported centralization in the Eastern District of Virginia.  The United States and plaintiffs in several actions also support selection of the Eastern District of Michigan as the transferee district.  Scores of plaintiffs, as well as amicus,[3] have responded in support of centralization in the following districts: the Central, Eastern, Northern and Southern Districts of California; the Northern and Southern Districts of Illinois; the Eastern and Southern Districts of New York; the Northern and Southern Districts of Ohio; the Eastern, Middle and Western Districts of Tennessee; and the Northern District of Alabama, the District of Arizona, the District of the District of Columbia, the District of Kansas, the Western District of Kentucky, the Eastern District

---

[*]  Judges Marjorie O. Rendell, Charles R. Breyer and Lewis A. Kaplan did not participate in the decision of this matter.  Additionally, certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]  Since the filing of the motions, one action pending in the Northern District of Ohio was dismissed.

[2]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3]  The Competitive Enterprise Institute's Center for Class Action Fairness.

-2-

of Louisiana, the District of Massachusetts, the District of Minnesota, the District of New Jersey, the Northern District of Texas and the Western District of Washington.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common factual questions regarding the role of VW and related entities in equipping certain diesel engines with software allegedly designed to engage emissions controls only when the vehicles undergo official testing, while at other times the engines emit nitrous oxide well in excess of legal limits. Since the filing of the motion, hundreds of cases, mostly class actions, have been filed on behalf of, *inter alia*, dealers, owners and lessees of affected vehicles. Centralization will eliminate duplicative discovery, avoid inconsistent pretrial rulings (especially on issues relating to class certification), and conserve the resources of the parties, their counsel and the judiciary.

This litigation began on September 18, 2015, when the U.S. Environmental Protection Agency issued a Notice of Violation of the Clean Air Act to Volkswagen AG, Audi AG and Volkswagen Group of America, Inc., that detailed the unauthorized use of a software-based defeat device in approximately 480,000 diesel automobiles manufactured since 2009.[4] The litigation is international in scope. The vehicles addressed by the Notice of Violation are only a fraction of the estimated 11 million affected vehicles worldwide. Potentially relevant witnesses and evidence from VW and other entities involved in the design, production, sale and marketing of the affected vehicles and the components at issue likely are located outside of the United States. Indeed, much of the underlying conduct at the center of plaintiffs' claims likely occurred in Germany.

The parties' extensive briefing, as well as oral argument, has convinced us that this controversy touches multiple districts across the United States and that the various VW entities hold ties to many districts. For instance, VW Group of America and a similar division of Audi are based in the Eastern District of Virginia, where corporate executives and certain relevant documents and witnesses may be found. New Jersey is the domestic VW affiliates' State of Incorporation and where some of its U.S. and regional operations are based. The Eastern District of Michigan is where Environmental Protection Agency testing facilities and VW's Engineering and Environmental Office are located and governmental investigations reportedly are occurring. California is the State with the most affected vehicles and dealers, where significant testing of affected vehicles occurred, and the home of the California Air Resources Board, which played an important initial role in investigating and, ultimately, revealing VW's use of the defeat devices. Tennessee is home to a large VW manufacturing plant in Chattanooga that produced some of the affected vehicles. While all of these districts may yield some or even much discovery, no single district possesses a paramount factual connection to these cases. And none of the cases now before us has

---

[4] Affected 2.0 liter TDI diesel models include: Jetta (Model Year 2009 – 2015), Jetta Sportwagen (2009-2014), Beetle (2012–2015), Beetle Convertible (2012-2015), Audi A3 (2010–2015), Golf (2010–2015), Golf Sportwagen (2015) and Passat (2012-2015). The EPA issued an additional, similar notice regarding further emissions cheating software on November 2, 2015, covering certain 3.0 liter diesel models: Volkswagen Touareg (2014), Porsche Cayenne (2015), Audi A6 Quattro (2016), Audi A7 Quattro (2016), Audi A8 (2016), Audi A8L (2016) and Audi Q5 (2016).

advanced so far in the few months since their filing as to give any particular district unique insight or knowledge of this controversy.

While any number of transferee districts could ably handle this litigation, we are persuaded that, in these circumstances, the Northern District of California is the appropriate transferee district for this litigation. There are 30 actions pending in the Northern District of California, including the first-filed case in the nation, and plaintiffs have filed a total of 101 cases in the state of California – nearly a fifth of all cases filed nationwide. As discussed, relevant documents and witnesses may be found in both the Northern District and throughout California, given the role played by the California Air Resources Board in uncovering VW's use of defeat devices on its diesel engines. We select Judge Charles R. Breyer as the transferee judge because he is a jurist who is thoroughly familiar with the nuances of complex, multidistrict litigation by virtue of having presided over nine MDL dockets, some of which involved numerous international defendants. We are confident that Judge Breyer will steer this controversy on a prudent and expeditious course.

Finally, the parties raise issues concerning whether certain types of actions should be included in the centralized proceedings. First, VW suggests that securities actions for owners of VW American Depositary Receipts should be included in a separate track in the MDL. VW stated in a recent filing that five cases involving these claims are pending in various districts. Second, plaintiff in the District of Montana *Ballew* action opposes inclusion of his action in the MDL proceedings, given the allegedly unique claims in that action that consumers should not have to continue to make payments to VW Credit, pursuant to the Federal Trade Commission's Holder Rule, 16 C.F.R. § 433.2, and the Uniform Commercial Code. Because none of these cases is on the present motions to transfer, these actions are not before us. Therefore, we will address the question of the inclusion of these cases in the conditional transfer order process. *See* Panel Rule 7.1.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

**IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION**  MDL No. 2672

## SCHEDULE A

Northern District of Alabama

WARREN MANUFACTURING INCORPORATED, ET AL. v. VOLKSWAGEN
 GROUP OF AMERICA, INC., C.A. No. 2:15−01655
REDMOND v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 5:15−01648
LUCAS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 5:15−01672

Central District of California

NETKIN v. VOLKSWAGEN OF AMERICA, INC., ET AL., C.A. No. 2:15−07367
MITSUDA v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 2:15−07375
ANGELO v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15−07390
STEELE v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15−07391
WALKER v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 2:15−07395
YELL v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 2:15−07429
MACAULEY v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 2:15−07430
STRICKLIN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
 C.A. No. 2:15−07431
TEMKIN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15−07432
GIAUQUE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15−07473
WEISS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15−07474
CROSSON, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
 C.A. No. 2:15−07475
KOUDSI, INC. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15−07477
HILL v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 2:15−07517
MCCABE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 5:15−01930
HENDRICKS v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 5:15−01948
DELL'AQUILA, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
 C.A. No. 8:15−01525

Northern District of California

FIOL v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 4:15−04278
LAU, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 4:15−04302
BENIPAYO, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 4:15−04314
HALL v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 4:15−04340
MAYERSON, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
 C.A. No. 4:15−04390
GOODRICH, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
 C.A. No. 4:15−04397

- A2 -

DRURY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 4:15‑04401

    Southern District of California

BENNETT v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑02106
KARCSAY v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑02110
HANDAL v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑02127

    District of Colorado

STANLEY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑02113

    Middle District of Florida

SMITH v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15‑00570

    Southern District of Florida

LOWRANCE v. VOLKSWAGEN AG, ET AL., C.A. No. 0:15‑61993
WEILAND v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 9:15‑81316

    Middle District of Georgia

WEST v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑00093

    Northern District of Georgia

SILVERMAN v. VOLKSWAGEN AG, ET AL., C.A. No. 1:15‑03332

    Northern District of Illinois

DORN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑08286

    Southern District of Illinois

SMITH v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑01053
LANCE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑01058

    Southern District of Iowa

GALL v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 3:15‑00106

    District of Kansas

BUSTAMANTE, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,
    C.A. No. 2:15‑09278

- A2 -

Eastern District of Kentucky

TRIPLETT v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 0:15‑00076

Western District of Kentucky

WAGNER v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 3:15‑00748

District of Maryland

FELDMAN, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑02894

District of Massachusetts

NAPARSTEK v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑13418
BONDA v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑13419
KERWOOD v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑13435

Eastern District of Michigan

CARROLL v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15‑13360

Western District of Missouri

HENLEY v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 4:15‑00734

District of New Jersey

LEVIN v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15‑06985
CRISTON v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15‑06988
DEFIESTA, ET AL. v. VOLKSWAGEN GROUP OF AMERICA INC., C.A. No. 2:15‑07012

Eastern District of New York

CLINTON, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑05497
ENDY, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 1:15‑05516

Western District of North Carolina

VINSON v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑00213

Southern District of Ohio

FARMER v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‑00615

- A2 -

District of Oregon

BRICKER v. VOLKSWAGEN GROUP OF AMERICA, C.A. No. 3:15‒01785

Eastern District of Tennessee

HENDERSON v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 1:15‒00248
SONNENBURG, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL.,
    C.A. No. 1:15‒00250
BULLARD v. VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., C.A. No. 1:15‒00251

Southern District of Texas

HARRIS v. VOLKSWAGEN GROUP OF AMERICA, INC., C.A. No. 2:15‒00405

District of Utah

CATLETT v. VOLKSWAGEN GROUP OF AMERICA, C.A. No. 2:15‒00681

Eastern District of Virginia

BREWITT, ET AL. v. VOLKSWAGEN AG, ET AL., C.A. No. 1:15‒01223